| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

-------------------------------------------------------------------x
CLARENCE BROWN,

                     Plaintiff,

           -against-

NEW YORK STATE DIVISION OF PAROLE, and
GEORGIA BOARD OF PARDONS AND PAROLES,

                     Defendants.
-------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-0455 (BMC)

**COGAN**, District Judge.

*Pro se* plaintiff Clarence Brown filed this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. It was transferred to this Court on January 29, 2009. Plaintiff's application to proceed *in forma pauperis* is granted for the purpose of this Order, however the Complaint is dismissed for the following reasons.

## BACKGROUND

Plaintiff was arrested on Staten Island on May 29, 2008 on a fugitive parole warrant from the state of Georgia. (Complaint, Statement of Facts, at 1.) He asserts that he had not violated his Georgia parole, because his parole supervision had been officially transferred to the New York State Division of Parole at the time of his initial release on parole on July 25, 2006. (Id.) Nonetheless, he was detained on this warrant and appeared in Criminal Court in Staten Island on May 31, 2008 and June 17, 2008. At the June appearance, he was taken into custody by Georgia authorities who transferred him to Georgia on June 17, 2008. (Id. at 1-2.) On July 7, 2008, his parole was revoked and his Georgia state sentence was reinstated. (Id. at 3.)

Plaintiff also alleges that he was never served with a notice of violation by Georgia authorities during his brief detention in New York State. (Id. at 4.) He asserts that these events

deprived him of his constitutional rights and violated the Interstate Compact Rules for Parolee Out-of-State Supervision. (Id.) In his demand for relief, he indicates that he is "respectfully requesting 5.3 million open for negotiation." (Complaint at 5.)

## DISCUSSION

### A. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, 28 U.S.C. § 1915A requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(2); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

A *pro se* plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers. . . .'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972)). Indeed, a court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## B. Eleventh Amendment Immunity

Plaintiff's claims against the New York State Division of Parole and the Georgia Board of Pardons and Paroles must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363, 121 S.Ct. 955 (2001); Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted). Since the named state agencies are protected from claims for damages, all of plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915A(b).

## CONCLUSION

Because the named defendants are protected by Eleventh Amendment immunity from suit, the Complaint is dismissed in its entirety. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/
U.S.D.J.

Dated: Brooklyn, New York
February 13, 2009